IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: METOPROLOL SUCCINATE END-PAYOR ANTITRUST LITIGATION | Civil Action No. 06-cv-71 (GMS) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### END PAYOR PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

Plaintiffs A.F. of L. – A.G.C. Building Trades Welfare Plan ("AFL"); the American Federation of State, County, and Municipal Employees District Council 47 Health and Welfare Fund ("DC 47"); District 1199P Health and Welfare Plan ("1199"); International Association of Fire Fighters Local 22 Health and Welfare Fund ("Local 22"); National Joint Powers Alliance ("NJPA"); Plumbers and Pipefitters Local 572 Health and Welfare Fund ("NJPA"); United Food and Commercial Workers Union Local 1776 and Participating Employers Health and Welfare Fund ("Local 1776"); United Union of Roofers, Waterproofers and Allied Workers, Local No. 74 Health and Pension Fund ("Local 74"); United Union of Roofers, Waterproofers and Allied Workers, Local No. 203 Health and Pension Fund (Local 203"); Mary Anne Gross; Neil Lefton; and Mark S. Merado (collectively, "Plaintiffs"), by and through their undersigned counsel, move the Court for an Order:

    i.     conditionally certifying a class for settlement purposes;

    ii.    appointing Class counsel: Kessler Topaz Meltzer & Check; Fine Kaplan and Black; and Pomerantz Haudek Grossman & Gross as Co-Lead Class Counsel, and appointing Liaison Counsel: Chimicles & Tikellis;

    iii.     appointing AFL, DC 47, 1199P, Local 22, NJPA, Local 572, Local 1776, Local No. 74, Local No. 203, Mary Anne Gross, Neil Lefton and Mark S. Merado as Class Representatives;

    iv.     granting preliminary approval to the proposed settlement;

    v.     approving the proposed form and manner of notice;

    vi.     appointing Rust Consulting, Inc. as the Settlement Administrator; and

    vii.     adopting the proposed schedule for completing the settlement review process and for a final approval hearing.

Contemporaneous with the filing of this Motion, Plaintiffs submit a supporting Brief ("Preliminary Approval Brief") setting forth the basis for the Motion. In short, the Preliminary Approval Brief demonstrates that the proposed Settlement Class should be certified; the proposed Settlement constitutes a fair, reasonable and adequate settlement of this litigation that warrants notice to the proposed Settlement Class; and that the proposed form and method of notice satisfy Rule 23. Defendants do not oppose this Motion.

In further support of the Motion, Plaintiffs state:

1.     Plaintiffs and Defendants have entered into a Settlement Agreement dated July 2, 2012 (the "Settlement Agreement"), which is attached hereto at Exhibit 1. It provides for a cash payment of up to $11,000,000.00 (the "Settlement")[1] to Plaintiffs for the benefit of the proposed Settlement Class. Plaintiffs have agreed to dismissal of this action with prejudice and certain releases as described in the Settlement Agreement. As set forth more fully in the accompanying Preliminary Approval Brief, the proposed Settlement is fair, reasonable and adequate compensation for Plaintiffs and the Settlement Class and occurred after years of litigation and months of arm's-length settlement negotiations as part of a Court-ordered

---

[1] Of this amount, up to $1,000,000.00 (one million U.S. dollars) is to be used exclusively for the costs of notice and administration.

mediation process. Plaintiffs request that this Settlement be preliminarily approved and that this matter proceed to a final approval hearing. A proposed order encompassing that preliminary approval and further details, as described below, is attached hereto at Exhibit 2 ("Preliminary Approval Order").

      2.     By this motion, Plaintiffs also request that the Court conditionally certify the action as a class action under Rule 23 for settlement purposes and define the "Class" as follows:

> All persons or entities throughout the United States and its territories who indirectly purchased, paid for and/or reimbursed others for Toprol XL or its generic equivalent metoprolol succinate, intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds at any time from May 5, 2005 through ___ [the date of entry of this Court order preliminarily approving the proposed settlement of this action] (the "Class Period").
>
> The following persons or entities are excluded from the Class: (i) Defendants and their respective subsidiaries and affiliates; (ii) all governmental entities (except government funded employee benefit plans); (iii) all persons or entities who purchased metoprolol succinate, including Toprol XL, directly from Defendants; (iv) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (v) fully insured health plans, *i.e.*, Plans that purchased insurance from another Third Party Payor covering 100% of the Plan's reimbursement obligations for prescription drugs to its members; and (vi) insured individuals who purchased only branded Toprol XL (never generic metoprolol succinate) after the generic became available for the corresponding dosage.

*See* Settlement Agreement ¶ 1.

      3.     Plaintiffs also submit for the Court's review and approval proposed forms of Notice, including: (i) Detailed Consumer Notice, (ii) Detailed TPP Notice, (iii), Postcard Notice, (iv) TPP Publication Notice, and (v) Consumer Publication Notice (Exs. 6 to 8 to the Notice Plan (Ex. 2 to the Wheatman Declaration)). As described in greater detail in the Notice Plan, the Detailed Notices will be posted on a website dedicated to the Settlement created and maintained by Rust Consulting, Inc. Targeted internet banner ads will be published on a

rotating basis for 30 days that, when clicked, direct the user to the Settlement website. The Consumer Publication Notice will be published in various publications having national reach and in local newspapers in the U.S. Territories. The Postcard Notice will be sent via direct mail to approximately 40,000 addresses for third-party payors and their representatives that appear on the proprietary mailing list developed and maintained by Rust Consulting Inc. The TPP Publication Notice will appear in two industry journals. A press release will be distributed to news outlets. The proposed forms and the manner of notice satisfy the requirements of Fed. R. Civ. P. 23 and due process of law.

4. Plaintiffs further request that they be appointed as the representatives of the proposed Settlement Class ("Class Representative"), and that, pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court appoint the following counsel (whom this Court previously appointed as interim Co-Lead Counsel for the Class, *see* Pre-Trial Order # 1 (D.I. 13), as Co-Lead Counsel for the Class ("Co-Lead Counsel"):

| | | |
|---|---|---|
| Joseph H. Meltzer | Jeffrey S. Istvan | Michael M. Buchman |
| Terence S. Ziegler | Paul Costa | Adam G. Kurtz |
| KESSLER TOPAZ | FINE, KAPLAN AND | POMERANTZ |
| MELTZER & | BLACK, R.P.C. | GROSSMAN HUFFORD |
| CHECK, LLP | 1835 Market St.28th Fl. | DAHLSTROM |
| 280 King of Prussia Road | Philadelphia, PA  19103 | & GROSS LLP |
| Radnor, PA  19087 | | 600 Third Avenue |
| | | New York, NY  10016 |

Plaintiffs further request that the following counsel be appointed as Liaison Counsel:

> Pamela S. Tikellis
> A. Zachary Naylor
> Chimicles & Tikellis
> 222 Delaware Ave, Suite 1100
> Wilmington, Delaware 19801

4

5.  Plaintiffs propose the following schedule going forward, as further outlined in the proposed Preliminary Approval Order (Section VI):

| EVENT | DATE / SCHEDULE |
| --- | --- |
| Anticipated implementation of the Notice Plan | November 19-December 5, 2012 |
| Deadline for:<br>(1) Seeking Exclusion from the Class; and<br>(2) Objections | January 18, 2013 |
| Plaintiffs' Final Approval Motion<br>Affidavit of Compliance with Notice Plan | 7 days before the Fairness Hearing |
| Notices of Intention to Appear at Fairness Hearing | 5 days before the Fairness Hearing |
| Fairness Hearing | Between March 4 and 15, 2013, or as soon as practicable thereafter. |
| Claims filing deadline | April 1, 2013 |

WHEREFORE, End-Payor Plaintiffs respectfully move the Court to enter the Preliminary Approval Order, attached hereto as Exhibit 2.

DATED: September 25, 2012

CHIMICLES & TIKELLIS LLP

/s/ signature

Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
P.O. Box 1035
222 Delaware Avenue, Suite 1100
Wilmington, DE 19801
(302) 656-2500

*Liaison Counsel for End-Payors Plaintiffs*

| | | |
|---|---|---|
| Joseph H. Meltzer<br>Terence S. Ziegler<br>**KESSLER TOPAZ**<br>**MELTZER &**<br>**CHECK, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel.: (610) 667-7706<br>Fax: (610) 667-7056 | Jeffrey S. Istvan<br>Paul Costa<br>**FINE, KAPLAN AND**<br>**BLACK, R.P.C.**<br>1835 Market St. 28th Fl.<br>Philadelphia, PA 19103<br>Tel.: (215) 567-6565<br>Fax: (215) 568-5872 | Michael M. Buchman<br>Adam G. Kurtz<br>**POMERANTZ**<br>**GROSSMAN**<br>**HUFFORD**<br>**DAHLSTROM**<br>**& GROSS LLP**<br>600 Third Avenue<br>New York, NY 10016<br>Tel: (212) 661-1100<br>Fax: (212) 661-8665 |

*Interim Co-Lead Counsel for End-Payor Plaintiffs*