# EXHIBIT 1

EXECUTION VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: METOPROLOL SUCCINATE
END-PAYOR ANTITRUST LITIGATION

Civil Action No. 06-cv-71 (GMS)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement") is submitted to the
United States District Court for the District of Delaware pursuant to Rule 23 of the Federal Rules
of Civil Procedure. Subject to Court approval, this Settlement Agreement is made and entered
into as of July 2, 2012, by and between (a) Defendants AstraZeneca AB, AstraZeneca LP,
AstraZeneca Pharmaceuticals LP and Aktiebolaget Hassle (collectively "AZ" or "Defendants");
(b) consumer plaintiffs Mary Anne Gross, Neil Lefton, and Mark S. Merado (collectively,
"Named Consumer Plaintiffs"); and (c) third party payor plaintiffs A.F. of L. – A.G.C. Building
Trades Welfare Plan ("AFL Plan"); the American Federation of State, County, and Municipal
Employees District Council 47 Health and Welfare Fund ("District Council 47 Fund"); District
1199P Health and Welfare Plan ("District 1199P Fund"); International Association of Fire
Fighters Local 22 Health and Welfare Fund ("Local 22 Fund"); National Joint Powers Alliance
("NJPA"); Plumbers and Pipefitters Local 572 Health and Welfare Fund ("Local 572 Fund");
United Food and Commercial Workers Union Local 1776 and Participating Employers Health
and Welfare Fund ("Local 1776 Fund"); United Union of Roofers, Waterproofers and Allied
Workers, Local No. 74 Health and Pension Fund ("Local 74 Fund"); United Union of Roofers,
Waterproofers and Allied Workers, Local No. 203 Health and Pension Fund ("Local 203 Fund")
(collectively "Third Party Payor Plaintiffs" and together with "Named Consumer Plaintiffs,"
"End-Payor Plaintiffs" or "Plaintiffs"), on their own behalf and on behalf of the Class (as defined
in Paragraph 1 below), by and through their court-appointed Interim Co-Lead Class Counsel,
Kessler Topaz Meltzer & Check, LLP; Fine, Kaplan and Black, R.P.C.; and Pomerantz Haudek

MEI 13726262v.1

Grossman & Gross LLP (collectively "Class Counsel"), in their capacity as Court appointed Interim Co-Lead Class Counsel in the above-captioned consolidated class action (the "Action") (AZ and Plaintiffs are collectively referred to herein as "Parties").

WHEREAS, in Plaintiffs' First Amended Consolidated Class Action Complaint (Docket No. 276), Plaintiffs have alleged, among other things, that Defendants violated, *inter alia*, the federal antitrust laws, the antitrust and unfair and deceptive trade practices laws of various states, and have been unjustly enriched in connection with the sale of the drug Toprol XL;

WHEREAS, Defendants deny each and every one of Plaintiffs' allegations of unlawful or wrongful conduct, and deny that any conduct challenged by Plaintiffs caused any damage whatsoever, and have asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs and Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any claim or allegation or a waiver of any defenses thereto;

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and counsel for Defendants for an extended period of months, both with and without the assistance of a court-appointed mediator;

WHEREAS, this Settlement Agreement (including all exhibits hereto and other documents explicitly referenced herein) embodies all of the terms and conditions of the settlement (the "Settlement") between Defendants and Plaintiffs, both individually and on behalf of the proposed Class, that has been reached, subject to final approval of the United States District Court for the District of Delaware (the "Court");

WHEREAS, Class Counsel have concluded, after extensive discovery and motion practice, and after carefully considering all of the circumstances of the Action, including the claims asserted in the complaint filed in the Action and the legal and factual defenses thereto, that it would be in the best interests of the Class to enter into this Settlement Agreement in order to avoid the uncertainties of, and the risks and delays associated with, the outcome of a trial and any subsequent appeals, and to assure a benefit to the Class and further, that Class Counsel consider the Settlement to be fair, reasonable and adequate and in the best interests of the Class; and

EXECUTION VERSION

WHEREAS, Defendants have concluded, despite their belief that they are not liable for the claims asserted and that they have good defenses thereto, that, without any admission of liability or wrongdoing, it would be in their best interests to enter into this Settlement Agreement to avoid further expense, inconvenience, uncertainties of litigation with Plaintiffs and the Class, and the distraction of burdensome and protracted litigation and thereby to resolve this controversy;

NOW THEREFORE, it is agreed by the parties, through their respective authorized representatives who have signed below, that the Action and all claims made or that could have been made in this action against Defendants by Plaintiffs and the Class that are Released Claims (as defined in Paragraph 11 herein) be settled, compromised and dismissed with prejudice, and without the award of costs against Defendants, subject to the approval of the Court, on the following terms and conditions:

1.   **Class.**

a.     The Parties stipulate to Court approval, for settlement purposes only, to the certification of the following class (the "Class"):

> All persons or entities throughout the United States and its territories who indirectly purchased, paid for and/or reimbursed others for Toprol XL or its generic equivalent metoprolol succinate, intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds at any time from May 5, 2005 through the date of entry of a Court order preliminarily approving the proposed settlement of this action (the "Class Period").

The following persons or entities are excluded from the proposed class:  (i) Defendants and their respective subsidiaries and affiliates; (ii) all governmental entities (except government funded employee benefit plans); (iii) all persons or entities who purchased metoprolol succinate, including Toprol XL, directly from Defendants; (iv) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (v) fully insured health plans, *i.e.*, Plans that purchased insurance from another Third Party Payor covering 100% of the Plan's reimbursement obligations for prescription drugs to its members; and (vi) insured individuals who purchased only branded Toprol XL (never generic metoprolol succinate) after the generic became available for the corresponding dosage.

b.     Third party payors ("Third Party Payors" or "TPPs") are all health insurance companies, administrators (only to the extent that such administrator is at risk for payment of

EXECUTION VERSION

Toprol XL and/or its AB rated equivalents), health maintenance organizations, self-funded health and welfare plans, and other health benefit providers and entities with self-funded plans that contract with a health insurer or administrator to administer their prescription drug benefits. These payors include such entities that may provide prescription drug benefits for current or former public employees and/or retirees, but only to the extent that such entity was at risk for the cost of the payment(s).  For purposes of the Class definition, an entity "paid" for Toprol XL or its AB rated equivalent if it paid some or all of the purchase price, or reimbursed any part of the purchase price paid by their members, employees, insureds, participants or beneficiaries.

c.       The Parties' stipulation to Court approval of certification of the Class is for purposes of effectuating the Settlement only, and for no other purpose.  The parties retain all of their respective objections, arguments and/or defenses with respect to class certification should there be no settlement of the Action.

2.       **Reasonable Best Efforts to Effectuate This Settlement**.  Counsel for the undersigned agree to recommend approval of this Settlement Agreement by the Court and to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement Agreement.  Counsel for the undersigned as well as the Parties to this Settlement Agreement further agree, consistent with their obligations in this paragraph, not to do anything to encourage any member of the Class to oppose or obstruct the Settlement, or to do anything to encourage any member of the Class to opt out.

3.       **Motion for Preliminary Approval; Notice to Class**.  Promptly following execution of this Settlement Agreement, Plaintiffs shall file with the Court a combined motion for entry of an order for conditional certification of the Class (as defined in Paragraph 1 above) in light of the Settlement; for preliminary approval of the Settlement as fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23; for conditional appointment as Class Counsel under Fed. R. Civ. P. 23(g) the law firms of Kessler Topaz Meltzer & Check, LLP; Fine, Kaplan and Black, R.P.C.; and Pomerantz Haudek Grossman & Gross LLP who acted as Court-appointed Interim Co-Lead Counsel for the proposed Class; and for issuance of notice to the Class substantially in the form attached as Exhibit "A" hereto ("Class Notice"), Exhibit "B" hereto ("Summary Class Notice"), and Exhibit "C" ("Third Party Payor Postcard Notice").  Class

- 4 -

EXECUTION VERSION

Counsel will recommend notice to the Class by means of (i) publication of a Summary Class Notice in publications having national reach; (ii) a press release to be distributed to news outlets; and (iii) posting of the Class Notice on Class Counsel's respective websites and/or the website of Rust Consulting, Inc., the proposed notice and claims administrator ("Settlement Administrator"). Class Counsel also will recommend notice to Third Party Payors by mailing the Third Party Payor Postcard Notice to known Third Party Payors, and respectfully request that the Court require Third-Party Payors seeking to exclude themselves from the Settlement to provide information regarding the total dollars paid for Toprol XL and generic metoprolol succinate prescriptions covered by them, including amounts paid by consumers via copays and coinsurance, during the period May 2005 through August 2010. In the event that the Court preliminarily approves the Settlement, Plaintiffs shall, in accordance with the order of preliminary approval, direct the Settlement Administrator to provide Class members with notice of the proposed Class Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. **Motion for Final Approval and Entry of Final Judgment.** If the Court preliminarily approves the Settlement and conditionally certifies the Class in light of the Settlement, Plaintiffs shall submit a motion for final approval by the Court, after appropriate notice to the Class, and shall seek entry of an order and final judgment:

a. finally certifying the Class;

b. finding the Settlement and its terms to be a fair, reasonable and adequate settlement as to Plaintiffs and the Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

c. providing for payment from the Settlement Amount of reasonable attorneys' fees, plus reimbursement of expenses from the Settlement Amount as described herein;

d. providing for incentive awards from the Settlement Amount of $2,000.00 each to the three Named Consumer Plaintiffs and $5,000.00 each to the Named Third Party Payor Plaintiffs, in addition to whatever monies each may receive from the Settlement Amount pursuant to a Court-approved plan of allocation;

e. directing that the Action be dismissed with prejudice;

f. reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including the administration and consummation of this Settlement;

- 5 -

MEI 13726262v.1

EXECUTION VERSION

g.      directing that the judgment of dismissal shall be final and appealable; and

h.      directing that, for a period of five years, the Clerk of the Court shall maintain the record of those members of the Class who have timely excluded themselves from the Class and that a copy of such records shall be provided to Defendants.

5.      **Finality of Settlement**.   The Settlement shall become "Final" upon the occurrence of all of the following:

a.      Neither Plaintiffs nor Defendants have availed themselves of any right to withdraw from the Settlement pursuant to Paragraphs 13 or 14 hereof, and the time(s) for exercise of such rights of withdraw have expired;

b.      the Settlement is approved by the Court as required by Rule 23(c) of the Federal Rules of Civil Procedure;

c.      entry, as provided for in Paragraph 4 herein, is made of an order and final judgment with prejudice against Plaintiffs and the members of the Class who have not timely excluded themselves from the action; and

d.      the time for appeal from the Court's approval of the Settlement as described in (b) hereof and entry of a final judgment as described in (c) hereof has expired or, if appealed, all such appeals have been withdrawn, dismissed or the final judgment has been affirmed in its entirety by the court of last resort to which such appeals have been taken and such affirmance has become no longer subject to further appeal or review, by certiorari or otherwise.

6.      **Settlement Consideration**.

Defendants will make a single payment of $11,000,000.00 (the "Settlement Fund") to settle this case.   Of this amount, up to $1,000,000.00 is to be used exclusively for the costs of class notice and settlement administration, subject to the remaining provisions of this Agreement. The remaining $10,000,000.00 (the "Settlement Amount") is an all-in settlement number, meaning that it includes attorneys' fees, incentive awards, any additional administrative costs and expenses, class member benefits, and costs of any kind associated with the resolution of this matter.   Defendants agree to fund the settlement by placing the Settlement Fund in an interest-bearing escrow account (the "Escrow Account") within fourteen (14) days following the preliminary approval of the settlement, and the provision by Class Counsel of all required funding information, a tax identification number, and properly completed W-9 form.   The interest from the Escrow Account will accrue to the benefit of the Class if the Court approves the

- 6 -

settlement. The interest from the Escrow Account will accrue to the benefit of Defendants in the event the Settlement Fund is returned to Defendants for any reason. The Settlement Fund is the total amount that Defendants will pay under this Settlement Agreement in exchange for the Released Claims (as defined in Paragraph 11 herein), including without limitation funds to satisfy claims by Class members, attorneys' fees and costs (other than for claims administration oversight as detailed in Paragraph 7 below), and any Court-approved incentive awards to the Plaintiffs for their roles as Class representatives, and shall be held and administered by an escrow agent (the "Escrow Agent") to be selected by Plaintiffs' undersigned counsel with agreement from counsel for Defendants, whose agreement shall not be unreasonably withheld. The Escrow Account shall be established and administered pursuant to an escrow agreement in a form satisfactory to the parties ("Escrow Agreement"). The costs of class notice and settlement administration shall be paid from the Settlement Fund. In the event that less than $1,000,000.00 is expended on the costs of class notice and settlement administration after all class notice and settlement administration expenses are paid and the settlement consummated, the unused portion of the $1,000,000.00 earmarked for the costs of class notice and settlement administration shall be refunded to Defendants. Except as set forth in this Agreement and the confidential side letter referenced in Paragraph 13, Defendants shall not be entitled to any refund of any portion of the Settlement Fund or Settlement Amount. If the Court does not approve the settlement or if the settlement is terminated pursuant to Paragraphs 13, 14 and/or 15 below, the then balance of the Escrow Account (after payment of all outstanding bills and inclusive of accrued interest) will be returned to Defendants. If, at that time, more than $1,000,000.00 has been expended on class notice and settlement administration, Class Counsel will pay into the Escrow Account the amount by which the costs of class notice and settlement administration exceed $1,000,000.00 before it is refunded to Defendants. The law firms of Pomerantz Haudek Grossman & Gross LLP, Fine, Kaplan & Black, RPC, and Kessler Topaz Meltzer & Check, LLP shall be jointly and severally liable for the obligation to reimburse the Escrow Account for expenditures on class notice and settlement administration in excess of $1,000,000.00 before it is refunded to Defendants. Any disputes regarding Class Counsel's obligation to contribute funds into the Settlement Fund in conjunction with a refund to Defendants shall be adjudicated by Magistrate Judge Thynge in accordance with the procedure set forth Paragraph 23 below. Defendants shall have no liability, obligation or responsibility with respect to the investment, disbursement, or

- 7 -

EXECUTION VERSION

other administration or oversight of the Settlement Fund. It is intended that the Escrow Account be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1, and to that end the parties hereto shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. Whether or not final approval of this Settlement Agreement occurs and whether or not the Settlement Fund qualifies as a qualified settlement fund within the meaning of Treas. Reg. § 1.468B-1, any taxes or estimated taxes due as a result of income earned by the Settlement Fund, and all related costs and expenses, will be paid from the Settlement Amount. Defendants shall have no liability, obligation or responsibility for any such taxes, costs, expenses, or for any reporting requirements relating thereto. The parties elect that the Settlement Fund should be treated as a qualified settlement fund from the earliest possible date and agree to make any "relation back" election that may be available. Interest earned by the Settlement Fund shall become part of the Settlement Fund.

     7.    **Class Settlement Expenses.**

     As described in Paragraph 6 above, up to $1,000,000.00 of the Settlement Fund is to be used exclusively for payment of expenses associated with the administration of Class Notice and the calculation, administration, and distribution of claims associated with the Settlement. All reasonable expenses arising from the administration of Class Notice and the calculation and administration of claims associated with the Settlement exceeding $1,000,000.00 shall be paid out of the Settlement Amount. For avoidance of doubt, these reasonable expenses are expected to include, but not necessarily be limited to: the fees and expenses of the Class Notice and Settlement Administrator in connection with providing Class Notice and claim forms to the Class, responding to inquiries of Class members, receiving and processing requests for exclusion, handling accounting and other administrative and tax services for the Settlement Fund, and distributing the Settlement Amount to members of the Class. Should any dispute arise regarding the payment of reasonable expenses under this paragraph, the parties agree to submit the dispute to Magistrate Judge Thynge for resolution, and agree further that any decision Her Honor makes with regard to any such dispute shall be binding on all parties with no right of appeal. Should Magistrate Judge Thynge be unavailable or unwilling to preside over any such disputes, the parties shall promptly agree to an alternate neutral arbiter, whose decision shall likewise be binding on all parties with no right of appeal. Except in the event of Disapproval or

- 8 -

Termination as set forth in Paragraphs 13, 14, and 15 below, Defendants shall not be entitled to any refund of the $10,000,000.00 all-in portion of the Settlement Amount.

8.    **Disbursement of the Settlement Amount.**  Class Counsel shall be responsible for proposing to the Court an appropriate allocation of the Settlement Amount between consumer Class members and Third Party Payor Class members ("Plan of Allocation"). The final allocation will be at the discretion of the Court. The Court need not accept Class Counsel's proposed allocation in order to approve the Settlement. For the avoidance of doubt, no class member shall be entitled to a distribution from the Settlement Amount until the Settlement becomes Final as contemplated by Paragraph 5 above.

9.    **Full Satisfaction; Limitation of Interest and Liability**: Plaintiffs and members of the Class shall look solely to the Settlement Amount for settlement and satisfaction against Defendants of all claims that are released herein. Plaintiffs and members of the Class shall not under any circumstances be entitled to any further compensation from Defendants with respect to any claims released herein. In the event that the Settlement becomes Final pursuant to Paragraph 5 herein, the Settlement Amount will fully satisfy any and all Released Claims as defined in Paragraph 11 herein. Except as provided by order of the Court, no Class member shall have any interest in the Settlement Fund or any portion thereof.

10.    **Attorneys' Fees, and Reimbursement of Expenses and Costs.**  Class Counsel intends to seek, solely from the Settlement Amount, attorneys' fees of up to $3.5 million (plus interest thereon). In addition, Class Counsel intends to seek, from the Settlement Amount, incentive awards in the amount of $2,000.00 to each of the Named Consumer Plaintiffs and $5,000.00 to each of the Named Third Party Payor Plaintiffs, and reimbursement of all reasonable costs and expenses incurred in the prosecution of the Action. Such fees, incentive awards, costs and expenses shall be paid solely from the Settlement Amount immediately upon entry of an order approving such fees, incentive awards and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof; provided, however, that Class Counsel, the Named Consumer Plaintiffs and Named Third Party Payor Plaintiffs shall make appropriate refunds or repayments plus accrued interest at the same net rate as is earned by the Settlement Amount, if the Settlement is terminated pursuant to the terms of this Settlement Agreement or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of

- 9 -

attorneys' fees, expenses or costs is reduced or reversed. Class Counsel, the Named Consumer Plaintiffs and Named Third Party Payor Plaintiffs shall make the appropriate refund or repayment in full no later than fourteen (14) days after receiving notice of the termination of the Settlement or the reduction of the award of attorneys' fees, expenses and costs. Class Counsel may make a further, later request for additional awards of attorneys' fees and reimbursement of reasonable costs and expenses incurred in the administration of the Settlement. Defendants agree to take no position with respect to any application by Class Counsel for the attorneys' fees, incentive awards, and/or expense payments as set forth above. Defendants agree not to oppose any request by Class Counsel that the Court order that any attorneys' fees and expenses awarded by the Court shall be disbursed only to the Court-appointed Class Counsel, for allocation at the sole discretion of Class Counsel among the various counsel to the Class that have participated in this litigation. Nothing in this paragraph shall abrogate the provisions of Paragraph 7 herein. Plaintiffs and their counsel shall be reimbursed and indemnified solely out of the Settlement Amount for all costs, fees and expenses, except for those costs and fees associated with Class Notice and administration of the Settlement to Class members pursuant to the provisions of Paragraph 7 herein. Defendants shall not be liable for any other of the costs, fees or expenses of any Plaintiffs, Class members, or of any Class members' or Plaintiffs' attorneys, experts, consultants, advisors, agents and representatives. Any such other costs, fees and expenses as approved by the Court shall be paid out of the Settlement Fund.

      11.   <u>Releases.</u>

      a.   Upon the Settlement becoming Final in accordance with Paragraph 5 herein, Defendants and their past, present and future parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, general or limited partners, employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") are and shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages and liabilities of any nature whatsoever (whether such claims, demands, actions, suits, causes of action, damages or liabilities arise or are incurred before, during or after the date hereof), including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, asserted or not asserted, in law or equity, that Plaintiffs or any member or members of the Class who has (have) not timely excluded itself (themselves)

- 10 -

EXECUTION VERSION

from the Class (including any of the past, present or future assignees, officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Amount, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, to the extent arising out of or relating to:

(1) any conduct or omission alleged, or conduct or omission relating to extended release metoprolol succinate that could have been alleged, in the Action;

(2) any conduct or omission relating to obtaining, maintaining, or enforcement of United States Patent Number 5,081,154 or United States Patent Number 5,001,161 or U.S. Patent Number 4,957,745, including the alleged improper bringing, maintaining, defending or otherwise participating in litigation concerning any such patents;

(3) any conduct or omission relating to extended release metoprolol succinate and the listing of United States Patent Numbers 5,081,154, 5,000,161, and 4,957,745 in the United States FDA publication known as the Approved Drug Products With Therapeutic Equivalence Evaluations, commonly referred to as the "Orange Book";

provided only that such conduct or omission occurred or allegedly occurred prior to the date of this Settlement – except as expressly provided for in this Paragraph 11 (the "Released Claims"). Plaintiffs and each member of the Class hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims.

b.      In addition, each Class member hereby expressly waives or releases, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

Section 1542. General Release – Claims Extinguished. A general release does not extend to claims which the creditor does not know or suspect to exist in his or

- 11 -

MEI 13726262v.1

her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or any other jurisdiction or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the Action but each Class member hereby expressly waives and fully, finally and forever, settles and releases, upon the Settlement becoming final, any known or unknown, suspected or unsuspected contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, each Class member also hereby expressly waives and fully, finally and forever settles and released any and all claims it may have against any Released Party under § 17200, et seq., of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

12.  **Reservation of Claims**. Released Claims shall not include claims arising in the ordinary course of business between Plaintiffs or Class members and the Released Parties concerning product liability, breach of warranty or contract, or bodily injury.

13.  **Withdrawal from Settlement; Requests to Be Excluded From Class.** If Third Party Payor Class members with combined proportionate share of indirect Third Party Payor purchases of Toprol XL and generic metoprolol succinate during the Class Period exceeding a certain amount (as specified in a confidential letter agreement between the parties) exclude themselves from the Class, Defendants shall be entitled to withdraw from the Settlement, pursuant to the terms of the confidential letter agreement, if such election is made by Defendants in writing within ten (10) business days after Plaintiffs have provided Defendants with: (a) all Third-Party Payor requests for exclusion received by the Settlement Administrator on or before the deadline for Class members to exclude themselves from the Class; and (b) a notice signed by Class Counsel certifying that Plaintiffs have provided Defendants with all such requests for exclusion. Plaintiffs agree to provide Defendants with all Third Party Payor requests for exclusion from the Class on a rolling basis within three business days of receipt by the Settlement Administrator. If there exists a dispute as to whether the exclusion threshold

- 12 -

EXECUTION VERSION

contained in the confidential letter has been exceeded, Plaintiffs and Defendants agree to submit the dispute to Magistrate Judge Thynge for binding arbitration, provided however, that Plaintiffs and Defendants shall be afforded an opportunity for discovery (to be conducted pursuant to the Federal Rules of Civil Procedure) prior to the arbitration.

14.   **Effect of Disapproval**. If the Court declines to finally approve the Settlement, or if such approval is reversed, vacated, or otherwise materially modified on appeal, or if the Court does not enter the final judgment in substantially the form provided for in Paragraph 5, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is reversed, vacated or materially modified, then this Settlement Agreement shall be terminated upon the election of either of (a) Plaintiffs and the Class, acting through Class Counsel, or (b) Defendants, acting through their undersigned counsel; provided however that any reversal, vacating or modification on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund, or any amount of incentive awards to any Plaintiffs, or any determination by the Court to award less than the amount requested in attorneys' fees or costs to Class Counsel or incentive awards to Plaintiffs, or any judicial alteration of the proposed Plan of Allocation, shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement Agreement.

15.   **Termination**. In the event that the Settlement is terminated pursuant to Paragraphs 13 or 14 herein, or for any other reason, does not become Final in accordance with the terms of Paragraph 5 herein, then (a) this Settlement Agreement shall be of no force or effect, except for payment of Class Notice and administrative fees and costs from the Settlement Fund in accordance with Paragraph 7 of this Settlement Agreement, (b) any release pursuant to Paragraph 11 shall be of no force or effect, and (c) the then balance of the Escrow Account (after payment of all outstanding bills incurred in giving notice to the Class and administering the settlement pursuant to Paragraph 7) including any and all interest earned thereon shall be returned to Defendants. If, at that time, more than $1,000,000.00 has been expended on class notice and settlement administration, Class Counsel will pay into the Escrow Account the amount by which the costs of class notice and settlement administration exceed $1,000,000.00 within fourteen (14) days of the event giving rise to the return of the Escrow Account balance to Defendants. The law firms of Pomerantz Haudek Grossman & Gross LLP, Fine, Kaplan & Black, RPC, and Kessler Topaz Meltzer & Check, LLP shall be jointly and severally liable for

- 13 -

the obligation to reimburse the Escrow Account for expenditures on class notice and settlement administration in excess of $1,000,000.00 before it is refunded to Defendants. Any disputes regarding Class Counsel's obligation to contribute funds into the Escrow Account in conjunction with a refund to Defendants shall be adjudicated by Magistrate Judge Thynge in accordance with the procedure set forth Paragraph 23 below. For the avoidance of doubt, in the event that the Settlement is terminated pursuant to Paragraphs 13 or 14 herein, or for any other reason, does not become Final in accordance with the terms of Paragraph 5 herein, Class Counsel, the Named Consumer Plaintiffs and the Third Party Payor Plaintiffs shall not be entitled to costs/fees or incentive awards, and shall refund any costs/fees or incentive awards paid in accordance with Paragraph 10 herein.

16. **Preservation of Rights.** The parties hereto agree that this Settlement Agreement, whether or not it shall become Final pursuant to Paragraph 5 herein, and any and all negotiations, documents and discussions associated with it shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by the Defendants, or of the truth of any of the claims or allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by Plaintiffs or Defendants, whether in the Action or in any other actions or proceeding. The parties expressly reserve all of their rights and defenses if the Settlement Agreement does not become Final pursuant to Paragraph 5 herein.

17. **Binding Effect.** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto, including the members of the Class who do not timely request to be excluded, and of the Released Parties. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Plaintiffs and their counsel shall be binding upon all members of the Class.

18. **Integrated Agreement.** This Settlement Agreement (including all exhibits hereto and other documents explicitly referenced herein) contains the entire, complete, and integrated statement of each and every term and provision of the Settlement. This Settlement Agreement shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.

- 14 -

MEI 13726262v.1

19.     **Headings.** The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

20.     **No Party is the Drafter.** Counsel to all parties hereto have materially participated in the drafting of this Settlement Agreement. None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provisions hereof for the purpose of any statue, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

21.     **Choice of Law.** All terms of this Settlement Agreement shall be governed by, interpreted, and enforced according to the substantive laws of the State of Delaware without regard to its choice of law or conflict of laws principles.

22.     **Consent to Jurisdiction.** Defendants, Plaintiffs and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding or dispute relating to the release provisions herein, except that this paragraph shall not prohibit (a) the assertion in the forum in which a claim is brought that the release herein is a defense, in whole or in part, to such claim or (b) in the event that such a defense is asserted in that forum, the determination of its merits in that forum; provided, however, in the event that the Court lacks subject matter jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, the Defendants, Plaintiffs and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the appropriate State Court sitting in New Castle County, Delaware.

23.     **Dispute Resolution.** If any disputes arise out of the finalization of the Settlement, those disputes will be resolved by the Honorable Mary Pat Thynge first by way of expedited telephonic mediation and if unsuccessful, then by way of final, binding, non-appealable resolution by Judge Thynge. The Parties also agree to allow Judge Thynge to rule upon and fully adjudicate all motions related to the settlement, including motions regarding the final approval and fairness of the Settlement, the Plan of Allocation, and requests for attorneys' fees, expenses, costs and incentive awards.

- 15 -

MEI 13726262v.1

24.   **Enforcement of Settlement**.  Nothing in this Settlement Agreement prevents Defendants from enforcing or asserting any release herein, subject to the provisions of Paragraph 11 herein.  Notwithstanding any other provision of this Settlement Agreement, this Settlement Agreement and the releases contained herein may be pleaded as a full and complete defense of any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

25.   **Authorization To Act On Behalf Of Plaintiffs And Class**.  The undersigned counsel to Plaintiffs represent that they have been and are fully authorized to conduct settlement negotiations with Defendants' counsel on behalf of Plaintiffs and the Class and to enter into, and execute, this Settlement Agreement on behalf of Plaintiffs and the Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

26.   **Severability**.  In the event that any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Defendants and Class Counsel mutually agree to proceed as if such illegal, invalid or unenforceable provision had never been included in the Settlement Agreement.

27.   **No Admission**.  Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Defendants or Plaintiffs, or any of them, including without limitation that Defendants have engaged in any conduct or practices that violate any antitrust statute or any other law.

28.   **Work Product; Cessation of Prosecution Activities**.  To the extent permissible under their ethical obligations, Class Counsel agree not to share work product with any individual or entity that elects to opt out of the Class and/or Settlement and pursue any claim individually, and will resist efforts by such individual or entity to compel production of Class Counsel's work.

29.   **Execution in Counterparts**.  This agreement may be executed in counterparts. Facsimile signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this agreement and filed with the Court.

MEI 13726262v.1

30.    **Class Action Fairness Act Compliance.**  To assist Defendants in complying with the requirements of 28 U.S.C. § 1715(b)(7), Class Counsel agree to request that the Settlement Administrator, Rust Consulting, Inc., provide Defendants with the number of TPP Class members located in each state as identified in a proprietary database maintained by Rust.

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement of the date first herein above written.

DATED: July 2, 2012

Pamela S. Tikellis (#2172)
A.  Zachary Naylor (#4439)
**CHIMICLES & TIKELLIS LLP**
222 Delaware Avenue, P.O. Box 1035
Wilmington, DE 19899
Tel.: (302) 656-2500

Jeffrey S. Istvan
Paul Costa
**FINE, KAPLAN AND BLACK, R.P.C.**
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Tel.: (215) 567-6565

Joseph H. Meltzer
Terence S. Ziegler
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA  19087
Tel.: (610) 667-7706

- 17 -

ME1 13726262v.1

EXECUTION VERSION

30.   <u>Class Action Fairness Act Compliance</u>.  To assist Defendants in complying with the requirements of 28 U.S.C. § 1715(b)(7), Class Counsel agree to request that the Settlement Administrator, Rust Consulting, Inc., provide Defendants with the number of TPP Class members located in each state as identified in a proprietary database maintained by Rust.

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement of the date first herein above written.

DATED: July 2, 2012

Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
**CHIMICLES & TIKELLIS LLP**
222 Delaware Avenue, P.O. Box 1035
Wilmington, DE 19899
Tel.: (302) 656-2500

Jeffrey S. Istvan
Paul Costa
**FINE, KAPLAN AND BLACK, R.P.C.**
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Tel.: (215) 567-6565

Joseph H. Meltzer
Terence S. Ziegler
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706

- 17 -

EXECUTION VERSION

Michael M. Buchman
Adam G. Kurtz
**POMERANTZ HAUDEK GROSSMAN
  & GROSS LLP**
100 Park Avenue
New York, NY  10017
Tel: (212) 661-1100

*Counsel for End-Payor Plaintiffs*

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
**McCARTER & ENGLISH, LLP**
Renaissance Center
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel.: (302) 984-6300

*Counsel for Defendants AstraZeneca
Pharmaceuticals LP, AstraZeneca LP,
AstraZeneca AB and Aktiebolaget Hassle*

ME1 13726262v.1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

# If You Paid for Toprol XL or Its Generic Equivalent Metoprolol Succinate You May Be Entitled to Money from a Class Action Settlement

*This Notice is being provided by Order of the U.S. District Court.*
*It is not a solicitation from a lawyer. You are not being sued.*

- A proposed Settlement has been reached in a class action lawsuit regarding the price that a Class of consumers and Third-Party Payors ("TPPs") throughout the United States and its territories paid for Toprol XL or its generic equivalent, metoprolol succinate, during the period from May 5, 2005 through [INSERT DATE]. The lawsuit, *In re: Metoprolol Succinate End-Payor Antitrust Litigation*, Civil Action No. 06-cv-71 (GMS) (the "Action") is pending in the U.S. District Court for the District of Delaware.

- The lawsuit claims that the manufacturers of Toprol XL engaged in anticompetitive conduct regarding Toprol XL and its generic equivalent, metoprolol succinate. As a result, the lawsuit claims a Class of TPPs, such as health insurers and employee benefit plans, and consumers paid too much for Toprol XL and its generic equivalent, metoprolol succinate. The Defendants deny all claims.

- *No question is raised about the safety or effectiveness of Toprol XL.*

- The Settlement provides for a cash payment in the amount of $10 million to settle the Action, plus up to $1 million towards the cost of notice and claims administration costs. The total of $11 million is referred to as "the Settlement Fund."

## A Summary of Your Rights and Options:
### *Your Legal Rights Are Affected Even If You Do Not Act.*
### *Read This Notice Carefully.*

| You May | Brief Explanation: | Due Date: |
|---|---|---|
| *Do Nothing* | You are automatically part of the Settlement Class if you fit the Class description below. However, if you do not file a claim, you will not receive any payment from the Settlement. **See Question 10 Below.** | *N/A* |
| *File a Claim* | *Submit a Claim Form* This is the only way to receive any payment from the Settlement. **See Question 8 Below.** | *Month Day, Year* |

1

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

| You May: | Brief Explanation: | Due Date: |
|---|---|---|
| **Exclude Yourself** | **Get out of the Settlement** You may exclude yourself from the Settlement and keep your right to sue at your own expense. If you do so, you will not receive any payment from the Settlement. See Questions 12 Below. | *Month, Day, Year* |
| **Object to the Settlement** | **Object or comment on the Settlement.** If you do not exclude yourself, you may object to or comment on the Settlement at a hearing to determine whether the court should approve the Settlement as fair to the Class. See Question 14 Below. | *Month, Day, Year* |

### THESE RIGHTS AND OPTIONS
### – AND THE DEADLINES TO EXERCISE THEM –
### ARE EXPLAINED IN THIS NOTICE.

### BASIC INFORMATION

**2.     What is this Notice about?**

You may be entitled to money as part of the Settlement proposed to resolve this Action.  You are not being sued.

This Notice explains:

- What the Action and the Settlement are about.
- Who is affected by the Settlement.
- Who represents you and the Class in the Action.
- What your legal rights and choices are.
- How and by when you need to act.

**3.     Who are the Defendants?**

Defendants are AstraZeneca AB, AstraZeneca LP, AstraZeneca Pharmaceuticals LP and Aktiebolaget Hassle (collectively "AZ" or "Defendants").

**4.     What is the Class Action about?**

The lawsuit claims that AZ violated the federal antitrust laws, the antitrust and unfair and deceptive trade practices laws of various states, and have been unjustly enriched in connection with the sale of the drug Toprol XL. Specifically, the lawsuit alleges that AZ obtained the patents covering Toprol XL through fraud and that AZ initiated sham patent infringement litigation against certain generic drug manufacturers to prevent them from introducing generic versions of Toprol XL. The lawsuit claims that AZ's actions denied consumers, insurers and other third party payors who paid for Toprol XL and its generic equivalent the benefits of competition and caused them to pay higher prices than they would have paid had AZ not engaged in anticompetitive conduct.

2

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

ME1 13726289v.1

AZ denies that it did anything wrong. It says that the patents were obtained lawfully and that it properly brought the infringement litigation against certain generic drug manufacturers seeking to market generic versions of Toprol XL in order to protect AZ's intellectual property rights.

There has been no determination by the Court or a jury whether the above allegations against AZ have been proven.

**5.     Who is a member of the Class?**

You are a member of the Class if you fit the definition below:

> All persons or entities throughout the United States and its territories who indirectly purchased, paid for and/or reimbursed others for Toprol XL or its generic equivalent metoprolol succinate, intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds at any time from May 5, 2005 through [INSERT DATE] (the "Class Period").

The following persons or entities are excluded from the proposed Class: (i) Defendants and their respective subsidiaries and affiliates; (ii) all governmental entities (except government funded employee benefit plans); (iii) all persons or entities who purchased metoprolol succinate, including Toprol XL directly from Defendants; (iv) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (v) fully insured health plans, *i.e.*, Plans that purchased insurance from another Third Party Payor covering 100% of the Plan's reimbursement obligations for prescription drugs to its members; and (vi) insured individuals who purchased only branded Toprol XL (never generic metoprolol succinate) after the generic became available for the corresponding dosage. Generic metoprolol succinate became available at the following times: November 20, 2006 (25 mg dosage); July 26, 2007 (100 mg and 200 mg dosages); and August 2, 2007 (50 mg dosage).

Third Party Payors ("TPP") are all health insurance companies, third-party administrators, health maintenance organizations, self-funded health and welfare plans, and other health benefit providers and entities with self-funded plans that contract with a health insurer or administrator to administer their prescription drug benefits. These payors include such private entities that may provide prescription drug benefits for current or former public employees and or public benefits programs, but only to the extent that such private entity was at risk for the cost of the payment(s). For purposes of this definition, an entity "paid for" Toprol XL or its AB rated equivalent if it paid some or all of the purchase price, or reimbursed for any part of the purchase price paid by their members, employees, insureds, participants or beneficiaries.

## BENEFITS YOU GET FROM THE SETTLEMENT

**6.     What does the proposed Settlement provide?**

The Settlement provides that Defendants will pay $10 million to settle all claims brought on behalf of the Class, plus up to an additional $1 million to cover notice and claims administration costs. The Settlement also provides a release of all claims by members of the Class. Attorneys' fees, litigation costs and expenses, and any Incentive Awards to class representatives will be paid out the $10 million settlement amount.

Class Counsel conducted a thorough investigation of the law and facts in the Action. The Settlement is a result of careful negotiations among the parties. Class Counsel compared the benefits of Settlement to the risks of proceeding with the litigation through trial and concluded that the Settlement is fair, reasonable, adequate, and in the best interests of the Class.

Complete details are found in the full Settlement Agreement, which is available at www.xxxxxxx.com. It is also on file with the Clerk, United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Unit 18, Wilmington, Delaware 19801-3570.

3

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

**7.   How do I know if I am included in the Settlement being proposed?**

You are included in the Settlement Class if you fit within the definition set forth in Question 5 above.

If you do not want to be included, you must exclude yourself. Details on how to exclude yourself are found in Question 12.

**8.   What do I need to do to receive a payment?**

To receive payment, you must submit a valid claim form postmarked by [INSERT DATE] to the Settlement Administrator at the following address:

> Toprol XL End-Payor Antitrust Litigation Settlement Administrator
> P.O. Box XXXX
> TBD

A claim form is available at the settlement website, www.xxxxxx.com.

**9.   How will payments be determined?**

Class Counsel have proposed that the $10 million settlement amount be allocated between consumer class members and Third-Party Payor class members accordingly: $___ million for consumers (the "Consumer Settlement Amount") and $___ million for Third-Party Payors (the "TPP Settlement Amount"). This proposed allocation was agreed upon after arm's length negotiations between attorneys for the two groups, and is subject to Court approval. Class Counsel believe that the proposed allocation, which seeks to reimburse consumer and Third-Party Payor class members based on the extent of their respective injuries, is fair, reasonable and adequate.

The TPP Settlement Amount (net of the TPPs' share of Court-approved attorneys' fees, Incentive Awards, litigation costs and expenses, and any additional costs of notice and administration) will be paid to TPP Class members _____ [allocation method to be determined].

The Consumer Settlement Amount (net of the Consumers' share of Court-approved attorneys' fees, Incentive Awards, litigation costs and expenses, and any additional costs of notice and administration) will be paid to Consumer Class members _____ [allocation method to be determined].

**REMAINING IN THE CLASS**

**10.   What happens if I do nothing?**

If you *do* nothing, you will automatically be considered part of the Class. For details on how to opt out, see Question 12. However, you must submit a valid and timely claim form postmarked by INSERT DATE to the Settlement Administrator to receive any money from the Settlement.

**11.   If I remain in the Class, what claims am I settling?**

If the Court approves the Settlement, the Action will be dismissed and you may not sue the Defendants for the same claims. You and all members of the Class will release all claims concerning the conduct challenged in this lawsuit in exchange for participating in the Settlement.

**EXCLUDING YOURSELF FROM THE CLASS ("OPTING OUT" OF THE SETTLEMENT)**

4

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

**12.    What if I don't want to be in the Class?**

If you decide to exclude yourself from the Settlement, you will be free to sue Defendants on your own for their conduct related to Toprol XL. However, you will not receive any money from the Settlement, and you will no longer be represented by Class Counsel. If you want to receive money from the Settlement, do not exclude yourself.

**13.    How do I exclude myself from the Class?**

You can exclude yourself from the Class by sending a written "Request to Opt Out" to the Settlement Administrator so that it is received no later than [INSERT DATE]. Your written request must include:

- Your name, address, telephone number, and the statement that you want to opt out of the Settlement;
- The case name and number:   *In re: Metoprolol Succinate End-Payor Antitrust Litigation,* Civil Action No. 06-cv-71 (GMS); and
- If you are a Third Party Payor class member, you must provide the total dollar amount expended on prescriptions for Toprol XL and metoprolol succinate that you covered (including amounts paid by your covered persons via copays and coinsurance) from May 2005 through August 2010).

Claim forms and requests to opt out of the Settlement must be sent to the following address:

> Toprol XL End-Payor Antitrust Litigation Settlement Administrator
> P.O. Box XXXX
> TBD

## OBJECTING TO THE SETTLEMENT

**14.    May I object to the Settlement?**

Yes. If you are a member of the Class, and you have not requested to opt out of the Settlement, you may object to any aspect of the Settlement, the fairness or adequacy of Class Counsel's representation, the Plan of Allocation, or the requests for attorneys' fees, expenses, or Incentive Awards.

**15.    How do I object to the Settlement?**

To object to the Settlement, you (or your lawyer if you have one) must file a written objection with the Clerk of the Court, United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Unit 18, Wilmington, Delaware 19801-3570. This must be done on or before [INSERT DATE]. Your written objection can include any supporting materials, papers or briefs that you want the Court to consider. Your written objection must include:

- Your name, address, telephone number, and an explanation of your objection;
- The case name and number:  *In re: Metoprolol Succinate End-Payor Antitrust Litigation,* Civil Action No. 06-cv-71 (GMS); and
- Certification that you are a member of the Class.

Any documentation that you file with the Court must also be mailed on or before [INSERT DATE] to the following:

A. Zachary Naylor (No. 4439)                          Michael P. Kelly
CHIMICLES & TIKELLIS LLP                          MCCARTER & ENGLISH, LLP

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

MEI 13726289v.1

222 Delaware Avenue, P.O. Box 1035          Renaissance Center
Wilmington, DE 19899                        405 N. King Street, 8th Floor
                                            Wilmington, DE 19801

*Liaison Counsel for Plaintiffs and the Class*          *Counsel for Defendants AstraZeneca*
                                                        *Pharmaceuticals LP, AstraZeneca LP, AstraZeneca*
                                                        *AB and Aktiebolaget Hassle*

Objections filed with the Court *after* INSERT DATE will *not* be considered.

Any lawyer representing a Class member for the purpose of making objections must also file a Notice of Appearance with the Clerk of the Court no later than INSERT DATE, and must also serve copies by mail to counsel listed above.

**16.    What is the difference between objecting to the Settlement and excluding myself from the Class?**

To object to the Settlement, you must remain a member of the Class.  An objection allows your views on the Settlement to be heard in Court.  You will be bound by the terms and conditions of the settlement if the settlement is approved, even if the Court rules against your objection.

When you exclude yourself, or opt out, you are no longer a member of the Class. You will not be subject to the terms and conditions of the Settlement.  You lose the right to object to the Settlement and you will not receive any payment from the Settlement.  However, you keep your right to sue the Defendants for the same claims in another lawsuit.

## THE LAWYERS REPRESENTING YOU

**17.    Do I have a lawyer representing my interests in this Class Action?**

Yes. The Court has appointed lawyers to represent you and other Class members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  They will ask the Court to approve an award for fees and expenses to be paid out of the $10 million Settlement Amount  The following attorneys and law firms are co-lead counsel for the Class:

Joseph H. Meltzer                           Jeffrey S. Istvan
Terence S. Ziegler                          Paul Costa
**KESSLER TOPAZ MELTZER & CHECK, LLP**      **FINE, KAPLAN AND BLACK, R.P.C.**
280 King of Prussia Road                    1835 Market Street, 28th Floor
Radnor, PA  19087                           Philadelphia, PA  19103

Michael M. Buchman
Adam G. Kurtz
**POMERANTZ HAUDEK GROSSMAN**
**& GROSS LLP**
100 Park Avenue
New York, NY  10017

**18.    How will the lawyers be compensated?**

6

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

ME1 13726289v.1

Class Counsel will request an award from the Court for attorneys' fees not to exceed $3.5 million and reimbursement of costs and expenses they advanced in prosecuting the Action on behalf of the Class. Class Counsel may make a further, later request for additional attorneys' fees and expenses incurred as a result of administration of the settlement. All awards for attorneys' fees and expenses shall be paid from the $10 million Settlement Amount after the Court approves them.

Class Counsel also will request Incentive Awards to be paid to the Plaintiffs who represented members of the Class in this Action. For the three consumer representatives, Class Counsel will request an award of $2,000 each. For the nine Third-Party Payor representatives, Class Counsel will request an award of $5,000 each.

19.     **Should I get my own lawyer?**

You do not need to hire your own lawyer, but if you hire a lawyer to speak for you or appear in Court, your lawyer must file a Notice of Appearance (*see* Question #15 above). If you hire your own lawyer, you will have to pay for that lawyer on your own.

## THE FAIRNESS HEARING

20.     **When and where will the Court decide whether to grant final approval of the Settlement?**

The Court will hold a Final Approval Hearing on [INSERT DATE], at [INSERT TIME], at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Unit 18, Wilmington, Delaware 19801-3570. The Court may reschedule the Final Approval Hearing without further notice to the Class.

The purpose of the Final Approval Hearing is to:

- Decide if the Settlement is fair, reasonable and adequate and in the best interests of the Class, if it should be approved, and if a judgment should be entered;

- Decide if the Class has been fairly and adequately represented by the Plaintiffs who brought the Action and by Class Counsel, who have represented the Plaintiffs and the Class in the Action;

- Consider the proposed Plan of Allocation;

- Consider Class Counsel's requests for award of attorneys' fees and reimbursement of expenses;

- Consider the request for Incentive Awards for the Plaintiffs who represented the Class;

- Consider all comments and objections; and

- Consider any other issues that the Court thinks are necessary.

21.     **Must I attend the Final Approval Hearing?**

No. Attendance is not required, even if you mailed a written response. Class Counsel is prepared to answer questions on your behalf. Class members who filed and served written objections may appear at the Final Approval Hearing, in person or through an attorney hired at their own expense.

22.     **Can I attend the Final Approval Hearing?**

Yes, anyone can attend the Final Approval Hearing and watch. If you want to appear at the Final Approval Hearing and object, in person or through an attorney hired at your own expense, you need to file and serve a written Notice of Intent to

7

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

ME1 13726289v.1

Object with the Court no later than ▒▒▒▒▒▒2012.   Copies must be served on the law firms listed in Question #15. The Notice of Intent to Object must contain the following information:

- The name, address and telephone number of the Class member and, if applicable, the name, address and telephone number of the Class member's attorney (who must file a Notice of Appearance),

- The objection, including any supporting papers, and

- The name and address of any witnesses to be presented at the Final Approval Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

If you do not file and serve a Notice of Intent to Object by ▒▒▒▒▒▒2012, you cannot object at the Final Approval Hearing.

## GETTING MORE INFORMATION

**23.   Where do I get more information?**

This Notice contains a summary of relevant Court papers.  Complete copies of public pleadings, Court rulings and other filings are available for review and copying at the Clerk's office.  The address is United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Unit 18, Wilmington, Delaware 19801-3570 . The Honorable Gregory M. Sleet is overseeing the Action.

Additional information about the Action is available on the website at www.xxxxxx.com, or you can call the Settlement Administrator at (xxx) xxx-xxxx. *Please do not contact the Court or the Judge.*

8

EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

ME1 13726289v.1

Legal Notice

# If You Are A Consumer or Third-Party Payor That Paid for Toprol XL Or Its Generic Equivalent

### You Could Get Money from a Class Action Settlement

A Settlement has been reached in an antitrust class action lawsuit involving the medication, Toprol XL and its generic equivalent, metoprolol succinate. AstraZeneca AB, AstraZeneca LP, AstraZeneca Pharmaceuticals LP and Aktiebolaget Hassle (the "Defendants") will pay up to $11 million (__ to TPPs, __ to consumers, and up to $1 million for notice and administrative costs) into a Settlement Fund. The Settlement does not mean that any law was broken or that the Defendants did anything wrong. No one is claiming that Toprol XL is unsafe or ineffective.

### Who's Included?

You are included if you or your company purchased, paid for and/or reimbursed others for Toprol XL or its generic equivalent that was intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds at any time from May 5, 2005 though Months 00, 0000. Purchases made directly from the Defendants are not included under the Settlement.

### What Can You Get?

Payments will be based on the number of valid claims filed as well as on the dollar amounts you or your company paid for Toprol XL or its generic equivalent. More details are available in the Settlement Agreement available at www._____.com or by calling the toll-free number below.

### How to Get a Payment?

You must submit a Claim Form to get a payment. The Claim Form, and instructions on how to submit it, are available at www._____.com or by calling 1-800-_____. The deadline to submit a Claim Form is Month 00, 2012.

### Your Other Rights.

If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is Month 00, 2012. If you do not exclude yourself you will not be able to sue the Defendants for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by Month 00, 2012. The Court will hold a hearing on Month 00, 2012 to consider whether to approve the Settlement and a request for attorneys' fees up to $3.5 million, reimbursement of costs, and incentive awards. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

### For complete information and a claim form:
### Visit: www.xxxxx.com Call: (xxx)-xxx-xxxx

EXHIBIT B TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012

Legal Notice

# If You Are A Consumer or Third-Party Payor That Paid for Toprol XL Or Its Generic Equivalent
### You Could Get Money from a Class Action Settlement

A Settlement has been reached in an antitrust class action lawsuit involving the medication, Toprol XL and its generic equivalent, metoprolol succinate. AstraZeneca AB, AstraZeneca LP, AstraZeneca Pharmaceuticals LP and Aktiebolaget Hassle (the "Defendants") will pay up to $11 million (__ to TPPs, __ to consumers, and up to $1 million for notice and administrative costs) into a Settlement Fund. The Settlement does not mean that any law was broken or that the Defendants did anything wrong. No one is claiming that Toprol XL is unsafe or ineffective.

### Who's Included?
You are included if you or your company purchased, paid for and/or reimbursed others for Toprol XL or its generic equivalent that was intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds at any time from May 5, 2005 though Months 00, 0000. Purchases made directly from the Defendants are not included under the Settlement.

### What Can You Get?
Payments will be based on the number of valid claims filed as well as on the dollar amounts you or your company paid for Toprol XL or its generic equivalent. More details are available in the Settlement Agreement available at www._____.com or by calling the toll-free number below.

### How to Get a Payment?
You must submit a Claim Form to get a payment. The Claim Form, and instructions on how to submit it, are available at www._____.com or by calling 1-800-_____ . The deadline to submit a Claim Form is Month 00, 2012.
### Your Other Rights.
If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is Month 00, 2012. If you do not exclude yourself you will not be able to sue the Defendants for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by Month 00, 2012. The Court will hold a hearing on Month 00, 2012 to consider whether to approve the Settlement and a request for attorneys' fees up to $3.5 million, reimbursement of costs, and incentive awards. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

### For complete information and a claim form:
### Visit: www.xxxxx.com Call: (xxx)-xxx-xxxx

EXHIBIT C TO SETTLEMENT AGREEMENT AND RELEASE DATED JULY 2, 2012