**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: METOPROLOL SUCCINATE END-PAYOR ANTITRUST LITIGATION | Civil Action No. 06-cv-71 (GMS) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**[PROPOSED] ORDER GRANTING END-PAYOR PLAINTIFFS' UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

Upon consideration of the (i) End-Payor Plaintiffs' Unopposed Motion for Preliminary

Approval of Proposed Settlement ("Motion"), (ii) the Settlement Agreement dated July 2, 2012,

attached as Exhibit 1 to the Motion, (iii) the Brief in support of the Motion, and (iv) the

Declaration of Shannon R. Wheatman, Ph.D. and the Notice Plan attached as Exhibit 2 thereto

(collectively, the "Settlement Documents"); and for good cause shown;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said Motion is

GRANTED as follows:[1]

### I.     Jurisdiction

1.     This Court has jurisdiction over this action and over all the parties.

### II.    Certification of the Proposed Class

2.     The Court makes the following preliminary determinations as required by Rule

23 in light of the proposed settlement:

---

[1]     Terms capitalized herein shall have the same meanings as defined in the Settlement
Agreement dated July 2, 2012.

a.      Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court preliminarily certifies

the following Class:

All persons or entities throughout the United States and its territories who
indirectly purchased, paid for and/or reimbursed others for Toprol XL or its
generic equivalent metoprolol succinate, intended for consumption by
themselves, their families or their members, employees, plan participants,
beneficiaries or insureds at any time from May 5, 2005 through ~~[the date of~~ *September 27, 2012*
entry of this Court order preliminarily approving the proposed settlement of this
action] (the "Class Period").

The following persons or entities are excluded from the Class: (i) Defendants
and their respective subsidiaries and affiliates; (ii) all governmental entities
(except government funded employee benefit plans); (iii) all persons or entities
who purchased metoprolol succinate, including Toprol XL, directly from
Defendants; (iv) insured individuals covered by plans imposing a flat dollar co-
pay that was the same dollar amount for generic as for brand drug purchases;
(v) fully insured health plans, *i.e.*, Plans that purchased insurance from another
Third Party Payor covering 100% of the Plan's reimbursement obligations for
prescription drugs to its members; and (vi) insured individuals who purchased
only branded Toprol XL (never generic metoprolol succinate) after the generic
became available for the corresponding dosage.

*See* Settlement Agreement ¶ 1.

b.      Pursuant to Rule 23(a)(1), the Court preliminarily determines that the

Class is so numerous and geographically dispersed that joinder of all members is

impracticable.

c.      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court

preliminarily determines that the following issues relating to claims and/or defenses

(expressed in summary fashion) present questions of law and fact that are common to

the Class:

i.      Whether the conduct challenged by the Class as anticompetitive in the
First Amended Consolidated Class Action Complaint, D.I. 276 (the
"Complaint") violated Section 2 of the Sherman Act, 15 U.S.C. § 2, and
similar state antitrust and consumer protection statutes;

ii.     Whether the conduct challenged in the Complaint constitutes unjust
        enrichment under various state laws; and

iii.    Whether the challenged conduct caused antitrust injury-in-fact to the
        Class, in the nature of overcharges as a result of the higher prices Class
        members allegedly paid for Toprol XL and generic extended release
        metoprolol succinate products, and whether, but for Defendants' conduct
        as alleged, one or more competitor firms would have begun selling less
        costly generic versions of extended release metoprolol succinate products
        earlier.

d.      Named consumer plaintiffs Mary Anne Gross, Neil Lefton and Mark S.

Merado, and named third-party payor plaintiffs A.F. of L. – A.G.C. Building Trades

Welfare Plan; the American Federation of State, County, and Municipal Employees

District Council 47 Health and Welfare Fund; District 1199P Health and Welfare Plan;

International Association of Fire Fighters Local 22 Health and Welfare Fund; National

Joint Powers Alliance; Plumbers and Pipefitters Local 572 Health and Welfare Fund;

United Food and Commercial Workers Union Local 1776 and Participating Employers

Health and Welfare Fund; United Union of Roofers, Waterproofers and Allied Workers,

Local No. 74 Health and Pension Fund; and United Union of Roofers, Waterproofers

and Allied Workers, Local No. 203 Health and Pension Fund (collectively, "Plaintiffs"),

are hereby conditionally appointed as representatives of the Class, for the following

reasons:

i.      the Plaintiffs allege on behalf of the Class the same manner of injury
        from the same course of conduct that they complain of themselves, and
        the Plaintiffs assert on their own behalf the same legal theory that they
        assert for the Class. The Court therefore preliminarily determines that the
        Plaintiffs' claims are typical of the claims of the proposed Class within
        the meaning of Rule 23(a)(3); and

ii.     Pursuant to Rule 23(a)(4), the Court preliminarily determines that the
        Plaintiffs will fairly and adequately protect the interests of the Class. The
        Plaintiffs' interests do not conflict with the interests of absent members

of the Class. All of the Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class members share a common interest in recovering the overcharge damages sought in the Complaint. Moreover, any Class member that wishes to opt out will be given an opportunity to do so. Furthermore, the Plaintiffs have demonstrated the ability and incentive to represent the Class in this case, given the vigor with which they have prosecuted this action.

e.    Pursuant to Rule 23(b)(3), the Court preliminarily determines that, in connection with and in light of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof.

f.    Also pursuant to Rule 23(b)(3), the Court preliminarily determines that, in connection with and in light of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

g.    Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following counsel (whom this Court previously appointed as interim Co-Lead Counsel for the Class) are hereby conditionally appointed as Co-Lead Counsel for the Class ("Co-Lead Counsel"), and are directed to ensure that any remaining work in this litigation is performed efficiently and without duplication of effort:

| | | |
|---|---|---|
| Joseph H. Meltzer | Jeffrey S. Istvan | Michael M. Buchman |
| Terence S. Ziegler | Paul Costa | Adam G. Kurtz |
| KESSLER TOPAZ | FINE, KAPLAN AND | POMERANTZ |
| MELTZER & | BLACK, R.P.C. | GROSSMAN HUFFORD |
| CHECK, LLP | 1835 Market St. 28th Fl. | DAHLSTROM |
| 280 King of Prussia Road | Philadelphia, PA 19103 | & GROSS LLP |
| Radnor, PA 19087 | | 600 Third Avenue |
| | | New York, NY 10016 |

In addition, the following counsel is hereby preliminarily appointed as Liaison Counsel

for the Class:

> Pamela S. Tikellis
> A. Zachary Naylor
> Chimicles & Tikellis
> 222 Delaware Ave, Suite 1100
> Wilmington, Delaware 19801

## III.    Preliminary Approval of the Proposed Settlement

3.    Upon review of the record and the Settlement Documents, the Court finds that

the proposed Settlement – which includes a single cash payment of up to $11,000,000.00

(eleven million U.S. dollars) by Defendants into an escrow account for the benefit of the

Plaintiffs and the Class ("Settlement Fund"), and of this amount, up to $1,000,000.00 (one

million U.S. dollars) is to be used exclusively for the cost of class notice and claims

administration, in exchange for, *inter alia*, dismissal of the litigation with prejudice and certain

releases of claims by Plaintiffs and the Class as set forth in the Settlement Agreement – was

arrived at by good faith arm's-length negotiations by highly experienced counsel, after years of

litigation, upon a developed litigation record, and with Court-supervised mediation. The

Settlement falls within the range of reasonable and possibly approvable settlements, and is

hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided

for below.

## IV.    Approval of the Plan of Notice to the Class

4.    The proposed forms of notice to Class Members of the pendency of this Class
Action and the proposed Settlement thereof, including the Detailed Notices, Postcard Notice,
TPP Publication Notice, and Consumer Publication Notice (Exs. 6 to 8 the Notice Plan), and
the proposed methods of notice dissemination described in the Preliminary Approval Brief and
the Notice Plan satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure
and due process of law, are otherwise fair and reasonable, and therefore are approved.

## V.    Appointment of the Settlement Administrator

5.    The Court appoints Rust Consulting, Inc. to serve as the Settlement
Administrator to assist Class Counsel in disseminating the Notice and with administering class
member claims, distributing notice and claim forms, assisting in the computation of claimant
allocation amounts, and doing all that is reasonably necessary to administer the Settlement.
Class Counsel are authorized to pay all reasonable expenses incurred by Rust Consulting, Inc.
out of the Settlement Fund in accordance with the Settlement Agreement.

## VI.    The Settlement Schedule and the Final Fairness Hearing

6.    A hearing on final approval (the "Fairness Hearing") shall be held before this
Court on [preferably in the **March 4-15** timeframe, or as soon as possible thereafter]
_March 7__, 2013, at _1:00 p.m.__ [a.m./p.m.], in Courtroom 2B at the United States
District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King
Street, Wilmington, DE 19801-3569. At the Fairness Hearing, the Court will consider, *inter
alia*:

        a.    whether the Class meets the requirements for final certification under Fed. R.
           Civ. P. 23;

b. the fairness, reasonableness and adequacy of the Settlement and whether the
Settlement should be finally approved;

c. whether the Court should approve the proposed plan of allocation of the
Settlement Amount among Class members;

d. whether the Court should approve awards of attorneys' fees and reimbursement
of expenses to Class Counsel, and in what amounts;

e. whether incentive awards should be awarded to the named Plaintiffs, and in what
amounts; and

f. whether entry of a final judgment terminating this litigation should be entered.

The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all
counsel with appropriate notice. Class Counsel shall be responsible for communicating any
such notice promptly to the Class by posting conspicuous notice on the Toprol Settlement
website.

7.   Class Counsel and the Settlement Administrator shall provide notice to the Class
substantially in accordance with the Notice Plan (Ex. 2 to the Wheatman Declaration).

8.   Any request for exclusion from the Class must be delivered to the Settlement
Administrator on or before **January 18, 2013**. All requests for exclusion must be in writing
and include: (i) the Class member's name, address, telephone number; (ii) a request to opt out
of the Settlement; (iii) the case name and number: *In re: Metoprolol Succinate End-Payor
Antitrust Litigation,* Civil Action No. 06-cv-71 (GMS); (iv) a statement certifying membership
in the Class; and (v) for Third Party Payor class members, the total dollars paid for Toprol XL
and generic metoprolol succinate prescriptions covered by them (including amounts paid by

covered persons via copays and coinsurance) during the period May 2005 through August

2010.

      9.     Any Objection to the Settlement, the proposed plan of allocation, or the Fee

Petition shall be filed in this Court (directed to the Clerk of the United States District Court for .

the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington,

Delaware 19801-3569), and served via U.S. Mail on the following counsel, on or before

**January 18, 2013:**

| | |
|---|---|
| A. Zachary Naylor<br>CHIMICLES & TIKELLIS LLP<br>222 Delaware Avenue, P.O. Box 1035<br>Wilmington, DE 19899 | Michael P. Kelly<br>MCCARTER & ENGLISH, LLP<br>Renaissance Center<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801 |
| *Liaison Counsel for Plaintiffs*<br>*and the Class* | *Counsel for Defendants AstraZeneca*<br>*Pharmaceuticals LP, AstraZeneca LP,*<br>*AstraZeneca AB and Aktiebolaget Hassle* |

Any such Objection shall include a Summary Statement outlining the position(s) to be asserted

and the grounds therefore together with copies of any supporting papers or briefs.

      10.    Any Class member who wishes to appear in person and be heard at the Fairness

Hearing must file a Notice of Intention to Appear on or before [5 days before the Fairness

Hearing]. *February 21, 2012*

      11.    All persons and entities who fail to file an Objection and/or Notice of Intention

to Appear as well as a Summary Statement as provided above shall be deemed to have waived

any such objections and will not be heard at the Fairness Hearing.

      12.    Class members are eligible to submit a claim form provided that they (i) have

not timely excluded themselves from the Settlement Class and (ii) meet the criteria identified

above at Paragraph 2.a. Class members must submit a claim form to be eligible to receive a

distribution from the Settlement Amount. To make a claim and receive a distribution from the Settlement Fund, a Class member must return a properly completed claim form to the Settlement Administrator postmarked no later than on or before **April 1, 2013**. Claim forms shall be available to Class members upon request from the Settlement Administrator.

13. Plaintiffs' motion for final settlement approval and an affidavit of compliance with the Notice Plan shall be filed within seven (7) days of the Fairness Hearing and shall be posted on the Settlement Website in accordance with the Notice Plan.

## VII. Administrative Matters

14. All proceedings in *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, Docket No. 06 Civ. 71 (GMS), shall remain stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses these actions with prejudice.

15. In the event that the Settlement does not become final then litigation of this action will resume in a reasonable manner to be approved by the Court upon joint application by the Plaintiffs and Defendants as necessary.

16. In the event the Settlement Agreement and the Settlement are terminated and/or rescinded in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Defendants and any other released party, and Defendants and any other released parties shall retain any and all defenses and counterclaims hereto. This action shall hereupon revert forthwith to its procedural and substantive status prior to the entry of the Stipulation and

Order dated May 30, 2012 (D.I. 318) and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed by Plaintiffs and Defendants.

17.     Nothing contained in this Order shall alter the Defendants' right to withdraw from the Settlement contained in the confidential letter agreement referenced in paragraph 13 of the Settlement Agreement.

SO ORDERED this _27_ day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE