**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

FILED
2013 MAR -7 PM 5: 07
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN RE: METOPROLOL SUCCINATE
END-PAYOR ANTITRUST LITIGATION

Civil Action No. 06-cv-71 (GMS-MPT)

THIS DOCUMENT RELATES TO:
END-PAYOR ACTION

**[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT,
AWARDING ATTORNEYS' FEES AND EXPENSES, AWARDING
REPRESENTATIVE PLAINTIFFS' INCENTIVE AWARDS, APPROVING PLAN
OF ALLOCATION, AND ORDERING DISMISSAL AS TO ALL DEFENDANTS**

The Court, having considered (a) the End-Payor Plaintiffs' Motion for Final Settlement

Approval and Approval of Plan of Allocation; (b) the Brief in Support of the End-Payor

Plaintiffs' Motion tor Final Settlement Approval; (c) the Declaration of Shannon R. Wheatman,

Ph.D. (d) the Declaration of Daniel Coggeshall; (e) the Declaration of Kevin B. Love; (f) the

Declaration of Kenneth A. Wexler and the attached Plan of Allocation; (g) the End-Payor

Plaintiffs' Motion for an Award Of Attorneys' Fees, Reimbursement of Expenses and Incentive

Awards to the Class Representatives (D.I. 329); (h) the Brief in Support of the End-Payor

Plaintiffs' Motion For An Award Of Attorneys' Fees, Reimbursement of Expenses and Incentive

Awards To The Class Representatives (D.I. 330); and (i) the Joint Declaration of Class Counsel

(D.I. 331); and having held a hearing on March 7, 2013 and considered all of the submissions

and arguments with respect thereto, pursuant to Rules 23 and 54 of the Federal Rules of Civil

Procedure, and in accordance with the terms of the Stipulation of Settlement and Release

between End-Payor Plaintiffs and Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca

LP, AstraZeneca AB, and Aktiebolaget Hassle (collectively "AZ" or "Defendants") dated July 2,

2012 (the "Settlement Agreement") (D.I. 322-1) and the Plan of Allocation (Wexler Dec. Ex. 1),

in the matter of *Merado et al. v. AstraZeneca Pharmaceuticals LP et al.*, No. 06-cv-00071-GMS-MPT (D. Del.) (the "Action"), it is hereby ORDERED, ADJUDGED AND DECREED that:

1.     This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement and Plan of Allocation and all terms used herein shall have the same meanings set forth in the Settlement Agreement and Plan of Allocation.

2.     Based on the record before the Court, including the Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, Approving Form and Manner of Notice, and Scheduling Final Approval Hearing ("Preliminary Approval Order") (D.I. 326), the submissions in support of the Settlement, objections and responses thereto, the Court finds that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied, and hereby certifies, for settlement purposes only the following class:

> All persons or entities throughout the United States and its territories who indirectly purchased, paid for and/or reimbursed others for Toprol XL or its generic equivalent metoprolol succinate, intended for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds at any time from May 5, 2005 through September 27, 2012 (the "Class Period").

> The following persons or entities are excluded from the proposed class: (i) Defendants and their respective subsidiaries and affiliates; (ii) all governmental entities (except government funded employee benefit plans); (iii) all persons or entities who purchased metoprolol succinate, including Toprol XL, directly from Defendants; (iv) insured individuals covered by plans imposing a flat dollar co-pay that was the same dollar amount for generic as for brand drug purchases; (v) fully insured health plans, *i.e.*, Plans that purchased insurance from another Third Party Payor covering 100% of the Plan's reimbursement obligations for prescription drugs to its members; and (vi) insured individuals who purchased only branded Toprol XL (never generic metoprolol succinate) after the generic became available for the corresponding dosage.

3.     The Court finds that the requirements of Rule 23(a) are satisfied for settlement purposes only, as follows:

(a)      Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous and geographically dispersed that joinder of all members is impracticable.

(b)      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(l)(B), the Court determines that, in the context of settlement, that the following issues relating to claims and/or defenses (expressed in summary fashion) present common issues of law and fact that are common to the Class.

    i.    Whether, as alleged in the First Amended Consolidated Class Action Complaint (D.I. 276)(the "Complaint"), Defendants unlawfully monopolized or attempted to monopolize the market for Toprol-XL and its generic equivalents in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and analogous state antitrust and consumer protection statutes;

    ii.    Whether Defendants were unjustly enriched as a result of the conduct challenged in the Complaint, entitling Plaintiffs and the Class to disgorgement of all monies resulting therefrom; and

    iii.    Whether the challenged conduct caused antitrust injury-in-fact to the Class, in the nature of overcharges as a result of the higher prices Class members allegedly paid for Toprol XL and generic extended release metoprolol succinate products, and whether, but for Defendants' conduct as alleged, one or more competitor firms would have begun selling less costly generic versions of extended release metoprolol succinate products earlier.

(c)      Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Representative Plaintiffs (as defined below) are typical of the claims of the Class in that the Representative Plaintiffs allege that they have purchased and/or paid for Toprol XL and generic extended release metoprolol succinate products during the Class Period.

(d)      Pursuant to Fed. R. Civ. P. 23(a)(4), in the context of settlement, the Representative Plaintiffs will fairly and adequately protect and represent the interests of all members of the Class, and the interests of the Representative Plaintiffs are not antagonistic to

those of the Class. The Representative Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action antitrust litigation.

4. The Court further finds that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only, as follows:

(a) Questions of law and fact common to the members of the Class, as described above, predominate over questions that may affect only individual members. In light of the class-wide claims issues set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof; and

(b) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement approved in this Order.

5. Named consumer plaintiffs Mary Anne Gross, Neil Lefton and Mark S. Merado, and named third-party payor plaintiffs A.F. of L.- A. G. C. Building Trades Welfare Plan; the American Federation of State, County, and Municipal Employees District Council 47 Health and Welfare Fund; District 1199P Health and Welfare Plan; International Association of Fire Fighters Local 22 Health and Welfare Fund; National Joint Powers Alliance; Plumbers and Pipefitters Local 572 Health and Welfare Fund; United Food and Commercial Workers Union Local 1776 and Participating Employers Health and Welfare Fund; United Union of Roofers, Waterproofers and Allied Workers Local No. 74 Health and Pension Fund; and United Union of Roofers, Waterproofers and Allied Workers Local No. 203 Health and Pension Fund

4

(collectively, "Plaintiffs"), are hereby appointed Class representatives for settlement purposes only.

6.      The following firms are appointed as Co-lead Class Counsel: Kessler Topaz Meltzer & Check, LLP; Fine Kaplan and Black, R.P.C., Pomerantz Grossman Hufford Dahlstrom & Gross LLP. The following firm is appointed as Liason Counsel for the Class: Chimicles & Tikellis.

7.      The Court has jurisdiction over these Actions and over each of the parties and over all members of the Class.

8.      In accordance with the Preliminary Approval Order, notice of the proposed Settlement and Plan of Allocation has been provided to the Class in the manner directed by the Court. *See* Wheatman Dec. Such notice to members of the Class is hereby determined to be fully in compliance with requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all persons and entities entitled thereto.

9.      This Order shall have no force or effect on the persons or entities who have validly and timely requested exclusion from the Class. The only persons or entities that have requested exclusion from the Class are those listed on Attachment A hereto.

10.      Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the Fairness Hearing, it is hereby determined that all Class members, except those who have validly and timely requested exclusion from the Class, are bound by this Final Order and Judgment.

11.      The Settlement of this Class Action was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and

arm's-length negotiations conducted in good faith between Class Counsel and Defendants' counsel.

12.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves in all respects the Settlement set forth in the Settlement Agreement and finds that this Settlement, the Settlement Agreement and the Plan of Allocation are in all respects fair, reasonable, and adequate to Class members. Accordingly, the Court directs that the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement and the Plan of Allocation. The Settlement is fair, reasonable and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir 1975), as follows:

(a)    this case was highly complex, expensive and time consuming, and would have continued to be so if the case had not settled;

(b)    there was only one objection to the Settlement by Class members;

(c)    because the case settled after the parties had completed discovery and had begun preparing for trial, Class Counsel had a full appreciation of the strengths and weaknesses of their case before negotiating the Settlement;

(d)    Class Counsel and the Class would have faced numerous and substantial risks in establishing both liability and damages if they had decided to continue to litigate rather than settle;

(e)    the Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages; and

(f)    the Settlement also satisfies the additional factors set forth in *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d 283 (3d. Cir. 1998).

6

13.     The Court also approves the Plan of Allocation and method for distribution of net settlement proceeds to consumers and third party payors proposed by Class Counsel and supported by the Wexler and Love Declarations. The Court finds that the Plan of Allocation is a fair, reasonable and adequate manner of allocating and distributing the Settlement Fund to the Class.

14.     The Court directs Rust Consulting, Inc., the firm previously appointed by the Court as Settlement Administrator, to process the claim forms and data received and distribute the net Settlement Proceeds in the manner provided in the Plan of Allocation.

15.     All Released Claims in the Action are hereby dismissed with prejudice and without costs as to the Released Parties. Class Plaintiffs or any member or members of the Class are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of the Released Parties.

16.     In accordance with paragraphs 11 and 12 of the Settlement Agreement:

a.      Upon the Settlement becoming Final in accordance with Paragraph 5 of the Settlement Agreement, Defendants and their past, present and future parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, general or limited partners, employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") are and shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages and liabilities of any nature whatsoever (whether such claims, demands, actions, suits, causes of action, damages or liabilities arise or are incurred before, during or after the date hereof), including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected,

7

asserted or not asserted, in law or equity, that Plaintiffs or any member or members of the Class who has (have) not timely excluded itself (themselves) from the Class (including any of the past, present or future assignees, officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Amount, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, to the extent arising out of or relating to:

(1)     any conduct or omission alleged, or conduct or omission relating to extended release metoprolol succinate that could have been alleged, in the Action;

(2)     any conduct or omission relating to obtaining, maintaining, or enforcement of United States Patent Number 5,081,154 or United States Patent Number 5,001,161 or U.S. Patent Number 4,957,745, including the alleged improper bringing, maintaining, defending or otherwise participating in litigation concerning any such patents;

(3)     any conduct or omission relating to extended release metoprolol succinate and the listing of United States Patent Numbers 5,081,154, 5,000,161, and 4,957,745 in the United States FDA publication known as the Approved Drug Products With

8

Therapeutic Equivalence Evaluations, commonly referred to as the

"Orange Book";

provided only that such conduct or omission occurred or allegedly occurred prior to the

date of the Settlement Agreement – except as expressly provided for in this Paragraph 16

(the "Released Claims").  Plaintiffs and each member of the Class hereby covenant and

agree that each shall not sue or otherwise seek to establish or impose liability against any

Released Party based, in whole or in part, on any of the Released Claims.

b.       In addition, each Class member hereby expressly waives or releases, upon the

Settlement becoming final, any and all provisions, rights and benefits conferred by §

1542 of the California Civil Code, which reads:

> Section 1542.  General Release – Claims Extinguished.  A general release
> does not extend to claims which the creditor does not know or suspect to
> exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement
> with the debtor;

or by any law of any state or territory of the United States or any other jurisdiction or

principle of common law, which is similar, comparable or equivalent to § 1542 of the

California Civil Code.  Each Class member may hereafter discover facts other than or

different from those which he, she or it knows or believes to be true with respect to the

claims which are the subject matter of the Action but each Class member hereby

expressly waives and fully, finally and forever, settles and releases, upon the Settlement

becoming final, any known or unknown, suspected or unsuspected contingent or non-

contingent claim that would otherwise fall within the definition of Released Claims,

whether or not concealed or hidden, without regard to the subsequent discovery or

existence of such different or additional facts.  For the avoidance of doubt, each Class

member also hereby expressly waives and fully, finally and forever settles and releases

9

any and all claims it may have against any Released Party under §17200, et seq., of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

c.      Released Claims shall not include claims arising in the ordinary course of business between Plaintiffs or Class members and the Released Parties concerning product liability, breach of warranty or contract, or bodily injury.

17.     Class Counsel has moved for an award of attorneys' fees, reimbursement of expenses and payment of incentive awards to the class representatives. *See* D.I. 330.

18.     Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in this Circuit by *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

(a)     the Settlement confers a monetary benefit on the Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

(b)     Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Class for several years, with no guarantee they would be compensated;

(c)     Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

(d)     Class Counsel have reasonably expended thousands of hours, and incurred

hundreds of thousands of dollars in out-of-pocket expenses, in prosecuting this action, with no guarantee of recovery;

        (e)     fee awards comparable to the fee requested by Class Counsel here have been awarded in similar cases, including numerous Hatch-Waxman antitrust class actions alleging impeded entry of generic drugs;

        (f)     the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

        (g)     the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

        (h)     the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions in this Circuit (*see, e.g.,* *In re Rite Aid Sec. Litig.,* 396 F.3d 294, 305 (3d Cir. 2005));

        (i)     Class members were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Class Counsel intended to request from the Court an award of attorneys' fees up to $3.5 million, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

        (j)     Class Counsel did, in fact, move for an award of attorneys' fees in the amount of $3.5 million, plus reimbursement of $816,931.99 in reasonable costs and expenses incurred in the prosecution of this Action, which motion has been publicly available since December 10, 2012 through public filing on the docket of this Action (D.I. 330) and posting on the website created specifically for the purpose of advising Class members of the fact and terms of the settlement at https://toprolsettlement.com/;

(k)   As detailed in Class Counsels' Joint declaration, a $3.5 million fee award (approximately 32% of the Settlement Fund) would equate to a lodestar multiplier of substantially less than 1, and much less than multipliers approved in other Hatch-Waxman class actions alleging impeded generic competition;

(l)   Class members were advised in the Notice of Proposed Settlement of Class Action of their right to object to the requested fees, expenses and awards to class representatives by January 18, 2013, and no objections were made to the requested fees, expenses or awards;

(m)   in light of the factors and findings described above, the requested $3.5 million fee award is within the applicable range of reasonable percentage fund awards; and

(n)   Class Counsel are hereby awarded attorneys' fees in the amount of $3,500,000.00 from the Settlement Fund. The Court finds this award to be fair and reasonable. The awarded fees and expenses shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement.  Co-Lead Counsel at their sole discretion shall allocate the fees and expenses among all of the Class Counsel.

(o)   Further, Class Counsel are hereby awarded $816,931.99 out of the Settlement Fund to reimburse them for their expenses incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair and reasonably incurred to achieve the benefits to the Class obtained in the Settlement to the Class.

19.   In determining whether to grant incentive awards to the named Plaintiffs, the Court considers the factors outlined in several cases, including *In re Tricor Indirect Purchaser Antitrust Litigation*, No. 05-360-SLR, 2009 U.S. Dist. LEXIS 101362, *8-9 (D. Del. Oct. 28, 2009) and *Hall v. Best Buy Co., Inc.*, 274 F.R.D. 154, 173 (E.D. Pa. 2011).  Upon consideration

12

of those factors, the Court hereby finds that incentive awards are justified in this case. Each named Plaintiff devoted their time and energy to the prosecution of the Action, which efforts conferred benefits upon the Class. The named Plaintiffs initiated this Action and worked with Class Counsel to assist in its prosecution by, among other things, collecting and producing records. Moreover, all named Plaintiffs were prepared to have their depositions taken and those who received deposition notices provided testimony. And, by instituting this case, the named Plaintiffs acted as private attorneys general seeking a remedy for what appeared to be a public wrong. Accordingly, the three consumer Class Representatives are each hereby awarded $2,000.00 out of the Settlement Fund for representing the Class, and the nine Third-Party Payor Class Representatives are each hereby awarded $5,000.00 out of the Settlement Fund for representing the Class, which amounts are in addition to whatever monies these Plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be fair and reasonable.

20.    Neither this Final Order and Judgment, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with it shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by or against Plaintiffs or Defendants, whether in these Actions or in any other action or proceeding.

21.    Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement, and the Settlement Agreement, including the administration and consummation of the Settlement Agreement and allocation of the settlement proceeds, and in

13

order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including. without limitation any suit, action, proceeding or dispute relating to the release provisions herein, except that this submission to the Court's jurisdiction shall not prohibit (a) the assertion in the forum in which a claim is brought that the release included in the Settlement Agreement is a defense, in whole or in part, to such claim or, (b) in the event that such a defense is asserted in that forum, the determination of its merits in that forum.

22.     In the event the Settlement does not become Final in accordance with paragraph 5 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

23.     The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Class against all Defendants in this Action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class members. In accordance with paragraph 4(g) of the Settlement Agreement, this Order is final and appealable.

24.    The Clerk of Court shall maintain for a period of five years the record of those members of the Class who have requested exclusion from the Class, which are listed on Attachment A hereto.  The Clerk of Court shall provide a copy of this Order and Attachment A to Defendants.

SO ORDERED this the _7_ day of March _____, 2013

Hon. Mary Pat Thynge
U.S. District Court for the District of Delaware

15

# EXHIBIT 1

<u>Consumer Exclusion Requests:</u>

1. John Degroff
2. Theresa J Kopinski
3. Clara Mason
4. Marcel L Rother
5. Burton Hertel
6. Deborah L Weiss

<u>Third Party Payor Exclusion Requests:</u>

1. Koch Industries Inc
2. Community Care of West Virginia Inc.
3. Roman Catholic Archdiocese of Atlanta